IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL FORTUÑO BROWN,

   Plaintiff,

       v.

LILLY DEL CARIBE, INC., *et al.*,

   Defendants.

CIVIL NO. 15-cv-1435 (JAG)

OPINION AND ORDER

GARCIA-GREGORY, D.J.

      Plaintiff Rafael Fortuño Brown ("Plaintiff") filed the instant action alleging that he was wrongfully and discriminately denied Long Term Disability ("LTD") benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against Lilly Del Caribe, Inc., Eli Lilly and Company, Inc. (of Puerto Rico), Anthem Life and Disability Insurance Company ("Anthem"), Sedgwick Claims Management Services, Inc. ("Sedgwick"), Lilly Leave and Disability Center, Dr. Felix Matos ("Dr. Matos"), and Lilly Extended Disability Leave Claim Committee (collectively "Defendants").

      Pending before this Court are Sedgwick's Motion for Summary Judgment under Fed. R. Civ. P. 56, Docket No. 67, and its Motion to Deem its Motion for Summary Judgment Unopposed ("Motion to Deem Unopposed"), Docket No. 77. Sedgwick asserts that it is not a proper party defendant and that the Court should deem its Motion for Summary Judgment unopposed because Plaintiff did not timely oppose it. Docket Nos. 67 and 77. Plaintiff argues that Sedgwick's Motion for Summary Judgment was premature. Docket No. 78. For the reasons discussed below, the Court

GRANTS Sedgwick's Motion to Deem Unopposed and Sedgwick's Motion for Summary Judgment.

## BACKGROUND

### I. Factual Background[1]

Plaintiff worked for Co-Defendant Lilly del Caribe, Inc. Docket No. 67-1 at 2. In July 2011, Plaintiff submitted a claim under the Extended Leave Disability ("EDL") Plan to Co-Defendant Anthem, the claims administrator for the EDL Plan. *Id.* Anthem communicated with Plaintiff, obtained all of Plaintiff's medical information, and sent Plaintiff's claim submission form and claim documents to the Benefit Plan Review Committee for review. *Id.* Anthem recommended denial of Plaintiff's claim, and, on December 14, 2011, the Benefit Plan Review Committee denied Plaintiff's claim. *Id.* at 2-3. Anthem sent Plaintiff a letter on February 2, 2012, informing him that the Benefit Plan Review Committee had denied his benefits because he did not meet the eligibility requirements for "disability" under the EDL Plan. *Id.* at 3.

On April 1, 2012, Sedgwick became the EDL Plan's third party claims administrator. *Id.* Because Anthem had handled Plaintiff's initial claim for benefits, Sedgwick had no involvement in the initial determination of Plaintiff's EDL Plan and did not make any benefit eligibility determinations related to Plaintiff's claim; it merely performed ministerial tasks at Plaintiff's claim's appeal level. *Id.*

---

[1] All facts are taken from Sedgwick's Statement of Uncontested Material Facts. Docket No. 67-1. Because Plaintiff did not oppose Sedgwick's Motion for Summary Judgment, Sedgwick's Uncontested Facts are taken as true. *See infra* at 6-10.

The EDL Plan directs the Employee Benefits Committee (the "EBC" or "Committee"), not Sedgwick, to make exclusive eligibility decisions pertaining to an eligible employee's claim for benefits. *Id.* Under Sedgwick's Eli Lilly Step Process, Sedgwick's National Appeals Unit ("NAU") prepares the appeal and presents the information to the EBC, which is the appeal authority for EDL claim decisions for the first level of appeal. *Id.* at 4 (internal quotation marks omitted). After the EBC makes the determination, Sedgwick's only involvement is to communicate all appeal decisions to the employee. *Id.* (internal quotation marks omitted). On or about July 20, 2012, Sedgwick received Plaintiff's appeal request and referred the claim to the NAU. *Id.* On November 20, 2012, the NAU presented a summary of Plaintiff's claim to the EBC. *Id.* at 5.

On December 10, 2012, the EBC met and made the final determination to uphold the denial of Plaintiff's claim. *Id.* After receiving the EBC's final determination, the NAU prepared and sent the EBC a draft of a determination letter for the EBC's review on December 11, 2012. *Id.* On December 18, 2012, the NAU received a version of the determination letter that the EBC had reviewed, edited, and approved. *Id.* The NAU sent the EBC-approved determination letter to Plaintiff on December 18, 2012. *Id.* Although the letter was on Sedgwick's letterhead, it was signed by the EBC after the EBC's review for its determination. *Id.* at 6. Sedgwick and the EBC are two separate entities. *Id.*

## II.     Procedural Background

On April 20, 2015, Plaintiff filed a Complaint challenging the denial of his request for LTD benefits. Docket No. 1 at 2. On October 13, 2015, Sedgwick filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), noting that it is not a proper party defendant because it is not the named plan administrator under the EDL Plan. Docket No. 12 at 1-2. However, taking Plaintiff's allegations

that Sedgwick had sufficient control over plan decisions as true, the Court held that Sedgwick was a proper party defendant at the motion to dismiss stage. Docket No. 35 at 7-8.

On November 7, 2016, the Court ordered all discovery to conclude by February 14, 2017 and all dispositive motions to be filed by February 28, 2017. Docket No. 55. On November 20, 2016, Defendants filed a Motion to Proceed with the Matter as an Administrative Appeal ("Motion to Proceed as Administrative Appeal"), which Plaintiff opposed on December 22, 2016. Docket Nos. 56, 61. While the Motion to Proceed as Administrative Appeal was pending, Sedgwick filed a Motion for Summary Judgment on February 28, 2017, abiding by the Court's deadline to file dispositive motions. Docket No. 67. Once again, Sedgwick argued that it did not make any benefit eligibility determinations in Plaintiff's claim. *Id.* at 10. Among other documents, Sedgwick attached a Statement of Uncontested Material Facts, Docket No. 67-1, and an affidavit declaration by Sonia Brown, the Appeals Specialist for Plaintiff's appeal, Docket No. 67-2. Per the Court's deadline, Plaintiff's opposition was due by March 14, 2017. Docket No. 67. Plaintiff has yet to oppose the Motion for Summary Judgment.

On April 11, 2017, the Court denied Defendants' Motion to Proceed as Administrative Appeal, Docket No. 70, and, on May 30, 2017, ordered all discovery to conclude by September 29, 2017 and all dispositive motions to be filed by October 31, 2017, Docket No. 76. On May 31, 2017, Sedgwick filed its Motion to Deem Unopposed since Plaintiff had yet to oppose the Motion for Summary Judgment. Docket No. 77. In response, Plaintiff filed an Opposition to the Motion to Deem Unopposed on June 14, 2017—not to the Motion for Summary Judgment—alleging that Sedgwick's Motion for Summary Judgment was premature because Plaintiff's request for discovery was still pending when Sedgwick filed its Motion for Summary Judgment. Docket No. 78. Plaintiff did not support his Opposition with any evidence or case law. *Id.* On June 21, 2017,

Sedgwick filed its Reply, asserting that, because Plaintiff failed to timely oppose Sedgwick's Motion for Summary Judgment, the Court should accept Sedgwick's uncontested facts as true and grant Sedgwick's Motion for Summary Judgment. Docket No. 79-1 at 5.

## STANDARD OF REVIEW

A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A fact is in genuine dispute if it could be resolved in favor of either party, and it is material if it potentially affects the outcome of the case. *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party . . . ." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000) (quoting *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997)). The non-movant must demonstrate "through submissions of evidentiary quality[] that a trial worthy issue persists." *Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted).

In evaluating a motion for summary judgment, the court must view the entire record "in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Winslow v. Aroostook County*, 736 F.3d 23, 29 (1st Cir. 2013) (quoting *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000)). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Rivera v. MVM, Inc.*, 713

F.3d 132, 134 (1st Cir. 2013) (quoting *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)). Throughout this process, courts cannot make credibility determinations or weigh the evidence, as these are jury functions and not those of a judge. *See Anderson*, 477 U.S. at 255; *Garcia-Gonzalez v. Puig-Morales*, 761 F.3d 81, 99 (1st Cir. 2014) (internal citations omitted).

## ANALYSIS

The Court holds that Sedgwick is entitled to judgment as a matter of law. The Court begins by adopting Sedgwick's uncontested facts as true because Plaintiff failed to timely oppose Sedgwick's Motion for Summary Judgment. Then, the Court holds that Sedgwick has demonstrated that there is no genuine issue of material fact regarding its role in Plaintiff's claim. Accordingly, the Court GRANTS both Sedgwick's Motion to Deem Unopposed and its Motion for Summary Judgment.

### I. Motion to Deem Unopposed

Because Plaintiff failed to timely oppose Sedgwick's Motion for Summary Judgment, the Court adopts Sedgwick's uncontested facts as true. "When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion." *Perez-Cordero v. Wal-Mart P.R.*, 440 F.3d 531, 533-34 (1st Cir. 2006) (citing *NEPSK, Inc. v. Houlton*, 283 F.3d 1, 7-8 (1st Cir. 2002)); *see also De La Vega v. San Juan Star, Inc.*, 377 F.3d 111, 116 (1st Cir. 2004) (noting that the opposing party's failure to reply to the motion for summary judgment waives the party's right to controvert the facts asserted by the moving party) (quoting *Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir. 1989)). Furthermore, "[w]hile an unopposed summary judgment

motion still must be scrutinized in accordance with Fed. R. Civ. P. 56 . . . . In most cases, a party's failure to oppose summary judgment is fatal to its case." *Perez-Cordero*, 440 F.3d 533.

Here, Sedgwick filed its Motion for Summary Judgment on February 28, 2017. Docket No. 67. Per the Court's Local Rules, Plaintiff had until March 14, 2017 to oppose or request more time. *See* L. Cv. R. 7 and 56. However, Plaintiff never filed an Opposition to Sedgwick's Motion for Summary Judgment.[2] Thus, the normal course of action would be to take all of Sedgwick's facts as true. *See Velez v. Awning Windows, Inc.*, 375 F.3d 35, 41 (1st Cir. 2004) ("Because the defendants failed to file an opposition to the motion for partial summary judgment by the court-appointed deadline . . . the district judge was entitled to consider the motion as unopposed and to disregard a subsequently filed opposition."); *Quinones Rodriguez v. Andoxx Corp.*, 440 F. Supp. 2d 77, 78 (D.P.R. 2006) (treating defendant's Motion for Summary judgment as unopposed where plaintiff chose to merely plead against the defendant without presenting any additional documentary evidence).

Plaintiff, however, contends—in a three paragraph response to Sedgwick's Motion to Deem Unopposed—that he did not need to timely oppose Sedgwick's Motion for Summary Judgment because the motion was premature. Docket No. 78 at 2. Plaintiff contends that a new deadline for his opposition should be set because, on April 11, 2017, the Court determined that "full discovery" was required as to all relevant issues. *Id.* The Court disagrees for two reasons.

First, the Court is unconvinced that Sedgwick's Motion for Summary Judgment was premature. Summary judgment is appropriate "[a]t any time until 30 days after the close of all

---

[2] Even in Plaintiff's Opposition to the Motion to Deem Unopposed, Docket No. 78, which Plaintiff filed three months after his opposition to Sedgwick's Motion for Summary Judgment was due; Plaintiff does not address any of Sedgwick's arguments for summary judgment or attempt to controvert any of Sedgwick's proposed uncontested facts. Thus, the Court does not consider Plaintiff's Opposition to the Motion to Deem Unopposed to have been an opposition to the Motion for Summary Judgment.

discovery." Fed. R. Civ. P. 56(b). The Supreme Court has noted that motions for summary judgment are appropriate "after adequate time for discovery." *Celotex*, 477 U.S. at 322. However, "the fact that discovery is still open does not bar a district court from resolving a fully briefed summary judgment motion." *Nieves-Romero v. United States*, 715 F.3d 375, 380 (1st Cir. 2013) (internal citations omitted); *see also Jones v. Secord*, 684 F.3d 1, 5-6 (1st Cir. 2012) (finding that the district court rightly granted summary judgment while discovery dispute was outstanding where plaintiff did not invoke Fed. R. Civ. P. 56(d))[3].

Here, Sedgwick filed its Motion for Summary Judgment on February 28, 2017, Docket No. 67, abiding by the Court's original deadline, Docket No. 55. It was reasonable for Sedgwick to file its Motion for Summary Judgment by this date, as at the time, the Court had not extended the deadline. Thus, it is not apparent to the Court that Sedgwick's Motion was premature; accordingly, Plaintiff had a responsibility to timely respond to Sedgwick's Motion.

Second, even assuming *arguendo* that Sedgwick's Motion for Summary Judgment was premature, that does not excuse Plaintiff's failure to file any response to the motion. A party opposing summary judgment has the burden "of producing specific facts sufficient to deflect the swing of the summary judgment scythe." *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003). "Those facts, typically set forth in affidavits, depositions, and the like, must have evidentiary value." *Noviello v. City of Boston*, 398 F.3d 76, 84 (1st Cir. 2005). Furthermore, Local Rule 56, which governs summary judgment practice before this Court, states: "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of

---

[3] The Court further discusses Rule 56(d) in pages 9-10.

material facts." L. Cv. R. 56(c). If a party does not file his opposition within fourteen days, he is deemed to have waived any objections he may have had to the movant's motion. *See* L. Cv. R. 7 and 56.

In this case, Plaintiff failed to file any opposition—timely or otherwise—to Sedwick's Motion for Summary Judgment. Plaintiff's only action concerning the Motion for Summary Judgment has been his response to Sedgwick's Motion to Deem Unopposed, which he filed three months after Plaintiff's response to the Motion for Summary Judgment was due. Docket No. 78. If Plaintiff believed Sedgwick's Motion for Summary Judgment was premature, he could have easily argued to that effect in a timely opposition.

In fact, Fed. R. Civ. P. 56(d) provides a basis for such an argument. *See Celotex*, 477 U.S. at 326 (explaining that "[a]ny potential problem with [a] premature [motion for summary judgment] can be adequately dealt with under [this rule]"). Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). However, "Rule 56(d) is not self-executing," meaning "[a] party must invoke it." *Jones*, 684 F.3d at 6; *see C.B. Trucking, Inc. v. Waste Mgmt., Inc.*, 137 F.3d 41, 44 (1st Cir. 1998) ("When properly invoked, Rule 56([d]) allows a party opposing summary judgment additional time to conduct discovery on matters related to the motion.").

To invoke Rule 56(d), "a party must furnish the district court with a timely statement that (i) explains his . . . current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled with a

reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion." *Nieves-Romero*, 715 F.3d at 381.

Here, Plaintiff did not affirmatively invoke Rule 56(d) or show that he could not present facts essential to justify his opposition, Docket No. 78 at 1-2. *See Velez*, 375 F.3d at 40 (finding that defendants neither invoked nor substantially complied with Rule 56([d]) in motions to extend time that did not include a single sought-after fact). Thus, the Court is entitled to consider Sedgwick's Motion for Summary Judgment as unopposed.

## II. Motion for Summary Judgment

"[F]ailure to timely oppose a motion for summary judgment, does not, in itself, justify entry of summary judgment against the party . . . a District Court is obliged to consider the motion on the merits." *Quinones Rodriguez*, 440 F. Supp. 2d at 80 (internal quotation marks and citations omitted). In this case, Sedgwick demonstrated that it was not entitled to judgment as a matter of law because Sedgwick did not control the administration of the EDL Plan during Plaintiff's claim process or make any benefit eligibility determination.

ERISA is "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Pharm. Care Mgmt. Ass'n v. Rowe*, 429 F.3d 294, 300-01 (1st Cir. 2005) (quoting *Shaw v. Delta Air Lines*, 463 U.S. 85, 90 (1983)). ERISA includes a cause of action for plan participants "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132 (a)(1)(B). "[T]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Gomez-Gonzalez v. Rural Opportunities, Inc.*, 626 F.3d 654, 665 (1st Cir. 2010) (quoting *Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir. 1998)) (internal quotation marks omitted). ERISA defines a plan administrator as "the person specifically so designed by the

terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). In this case, the relevant documents provide that the named plan administrator is the EBC. Docket Nos. 67-3 at 9, 67-5 at 1.

However, "[i]f an entity or person other than the named plan administrator takes on the responsibilities of the administrator, that entity may also be liable for benefits." *Gomez-Gonzalez*, 626 F.3d at 665 (citing *Law v. Ernst & Young*, 956 F.2d 364, 372-73 (1st Cir. 1992)). Even so, "the mere exercise of physical control or the performance of mechanical administrative tasks generally is insufficient to confer fiduciary status." *Id.* (quoting *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 18 (1st Cir. 1998)); *see also Terry*, 145 F.3d at 35-36 (quoting a Department of Labor interpretive bulletin for the proposition that "an entity which merely processes claims 'is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan'").

After examining the entire record in the light most favorable to Plaintiff and indulging all reasonable inferences in his favor, the Court finds that Sedgwick had no involvement in the initial determination of Plaintiff's EDL claim and did not make any determinations at the appeals level. After Sedgwick became Plaintiff's third party claims administrator at the appeals level, Sedgwick sent letters to Plaintiff, notifying him of the status of his appeal. Docket No. 67-4 at 39-41. These letters included Sedgwick's logo on the top right corner and stated that the Lilly Leave Disability Center is "[a]dministered by Sedgwick" on the top left corner. *Id.* However, the content of the letters explicitly states that the EBC made all the determinations regarding Plaintiff's claim. *Id.* The letter sent on July 20, 2012 states that "[t]he request for appeal will be reviewed by the [EBC]," encourages Plaintiff to contact the EBC with any questions, and was signed by the EBC at the end. *Id.* at 39. Similarly, the letter sent on December 18, 2012 explains that the EBC "is appointed

by the Eli Lilly and Company Board of Directors to review claims and administer . . . this Plan." *Id.* at 40. That letter, also signed by the EBC, repeatedly states that the EBC, which is separate from Sedgwick, Docket No. 67 at 6, was the entity that reviewed Plaintiff's appeal and upheld the denial of Plaintiff's claim. *Id.* at 41.

Because Plaintiff did not come forward with any evidence that Sedgwick performed anything except ministerial functions in his case, Sedgwick cannot be held liable under ERISA for the denial of Plaintiff's disability claim. *See Gomez-Gonzalez*, 626 F.3d at 666 (finding that the defendant was not liable for any denial of disability benefits where plaintiff did not come forward with any evidence that the defendant performed anything except ministerial functions in processing her disability claims); *see also Quinones Rodriguez*, 440 F. Supp. 2d at 80 (granting defendant's motion to dismiss where plaintiff failed to show how the defendant was actually responsible for the control, disposition, and/or management of claims). Thus, Sedgwick is entitled to judgment as a matter of law because Sedgwick is not a proper party defendant in this action.

## CONCLUSION

For the foregoing reasons, Sedgwick's Motion to Deem Unopposed is GRANTED, and Sedgwick's Motion for Summary Judgment is GRANTED. Partial Judgment shall be issued accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Wednesday, August 09, 2017.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge